IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES A. HENSON, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-18-617 |
| RICHARD J. GRAHAM, *et al.*, | * | |
| Defendants | * | |

**MEMORANDUM OPINION**

In response to the above-entitled civil rights complaint, defendants Warden Richard Graham, Jr., Assistant Warden Ronald Weber, Chief Bradley Butler, and Lieutenant James Smith filed a motion to dismiss or, in the alternative, for summary judgment. ECF 26.[1] Plaintiff was advised of his opportunity to oppose the motion (ECF 31) but has filed nothing further with the court.[2] The court finds a hearing in this matter unnecessary. *See* Local Rule 105.6. For the reasons that follow, defendants' motion, construed as a motion to dismiss, shall be granted.

**Background**

In his complaint, James Henson, a state inmate confined at the Western Correctional Institution in Cumberland, Maryland, alleges that unnamed correctional officers edited videos and doctored medical records to conceal a racially motivated pattern of abuse. ECF No. 1 at p. 4. He also alleges that unnamed correctional staff continue to tell other inmates of the nature of his crime. *Id*. He states that he filed an administrative remedy procedure regarding the matters complained of on February 22, 2018, and that the administrative remedy was pending when he filed this civil rights complaint on February 28, 2018. *Id*. at p. 3.

---

[1] A duplicate of the Motion was also filed at ECF 27.

[2] Plaintiff has filed correspondence entitled "Response in Opposition" (filed prior to defendants' dispositive motion) and "exhibits" which have been read and considered by the court. ECF 22, 23, 24, 25, 28, 29 and 30.

**Standard for Motion to Dismiss for Failure to State a Claim for Relief**

Defendants have filed their motion as a motion to dismiss or, in the alternative, motion for summary judgment. In reviewing a complaint in light of a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d, 247, 251 (7th Cir. 1994)) (once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint').

Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusional statements do not suffice, *Iqbal*, 556 U.S. at 678. The court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty*., 407 F.3d 266, 268 (4th Cir. 2005).

### Exhaustion of Administrative Remedies

Defendants raise the affirmative defense that Plaintiff has failed to exhaust his administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134 § 803, 110 Stat. 1321 (1996) (codified as amended at 42 U.S.C. 1197(e)(a)):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2018). Inmates must exhaust administrative remedies before they bring any "suits about prison life, whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA's exhaustion requirement serves several purposes. These include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (exhaustion means providing prison officials with the opportunity to respond to a complaint through proper use of administrative remedies). It is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase v. Peay*, 286 F. Supp. 523, 530 (D. Md. 2003); *Gibbs v. Bureau of Prisons*, 986 F. Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *see also Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief").

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies. *Bennette*, 517 F.3d at 725, 729; *see Langford v. Couch*, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he . . . PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that

the agency addresses the issues on the merits).'" *Woodford*, 548 U.S. at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

Exhaustion is mandatory and generally may not be excused unless the administrative procedure is not available. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (holding that an inmate "must exhaust available remedies, but need not exhaust unavailable ones"). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Bennette*, 517 F.3d at 725. In *Ross*, the United States Supreme Court identified three circumstances when an administrative remedy is unavailable. An administrative procedure is not available when officers are consistently unwilling or unable to provide relief to aggrieved inmates, the procedure is so opaque that it is practically incapable of use, or prison administrators actively thwart inmates from filing grievances. *Ross*, 136 S. Ct. at 1859-60.

In Maryland prisons, for the type of grievances asserted by Plaintiff, the Administrative Remedy Procedure ("ARP") is the administrative process that must be exhausted. First, a prisoner must file an ARP with his facility's "managing official" Md. Code Reg. ("COMAR") 12.02.28.05(D)(1), which is defined by COMAR 12.02.28.02(B)(14) as "the warden or other individual responsible for management of the correctional facility" and defined under Md. Code Ann., Corr. Servs. § 1-101(k) "as the administrator, director, warden, superintendent, sheriff, or other individual responsible for the management of a correctional facility." Moreover, the ARP request must be filed within 30 days of the date on which the incident occurred, or within 30 days of the date the prisoner first gained knowledge of the incident or injury giving rise to the complaint, whichever is later. COMAR § 12.02.28.09(B).

Second, if the ARP is denied, or the inmate does not receive a timely response, a prisoner must file an appeal with the Commissioner of Correction within 30 days. COMAR § 12.02.28.14(B)(5). If the appeal is denied, the prisoner must appeal within 30 days to the Inmate Grievance Office ("IGO"). *See* Md. Code. Ann., Corr. Servs. §§ 10-206, 10-210 (West 2002); COMAR §§ 12.07.01.05(B). Inmates may seek judicial review of the IGO's final determinations in a Maryland Circuit Court. Md. Code Ann., Corr. Servs. § 10-210.

Here, plaintiff acknowledges in his complaint that he did not complete his administrative remedies prior to initiating this suit. Exhausting administrative remedies after a complaint is filed will not save a case from dismissal for failure to exhaust administrative remedies. *See Neal v. Goord*, 267 F.3d 116, 121-22 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516, 531 (2002). In *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999), the court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court. . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." *See Kitchen v. Ickes*, Civil Action No. DKC-14-2022, 2015 WL 4378159, at *8 (D. Md. July 14, 2015); *see also Blackburn v. S. Carolina*, No. CA 006-2011-PMD-BM, 2009 WL 632542, at *1 (D.S.C. Mar. 10, 2009), *aff'd*, 404 F. App'x 810 (4th Cir. 2010); *Kaufman v. Baynard*, CIV.A. 1:10-0071, 2012 WL 844480 (S.D. W. Va. Feb. 3, 2012), *report and recommendation adopted*, CIV.A. 1:10-0071, 2012 WL 844408 (S.D. W. Va. Mar. 12, 2012); *Miller v. McConneha, et al.*, JKB-15-1349, 2015 WL 6727547, at *3-4 (D. Md. November 11, 2015).

Because exhaustion must be completed through each phase of the administrative process prior to initiating a civil rights complaint, and plaintiff has offered no plausible claim that administrative remedies were unavailable to him, the court will grant the motion and dismiss the complaint for failure to exhaust administrative remedies. The court need not address defendants' additional arguments in favor of dismissal.

## Motion for Preliminary Injunction

Also pending is plaintiff's motion for preliminary injunction. ECF No. 20. The motion will be denied. The motion reiterates plaintiff's regular complaints concerning the entirety of his incarceration[3] and additionally focuses on complaints regarding the denial of medical care. The motion is difficult to decipher as plaintiff references documents previously submitted in other cases. He references cases, administrative grievances, and filings dating back to the early 2000s. The motion refers to plaintiff's numerous previously filed cases to support his allegations of regular and continuous problems with prison staff. Those complaints, to the extent they have previously been litigated, are barred by *res judicata* and will not be considered.[4]

---

[3] Plaintiff's claims of a far-reaching conspiracy have been investigated and found unsubstantiated, resulting in the dismissal of the claims both administratively and judicially. *See e.g. Henson v. Likin*, Civil Action No. RWT-11-2719 (D. Md.); *Henson v. Miller*, Civil Action No. RWT-12-763 (D. Md.); *Henson v. Lambert*, Civil Action No. RWT-12-3271 (D. Md.); *Henson v. Smith, et al.,* Civil Action No. RWT-13-2266 (D.Md.); *Henson v. Bishop*, RDB-14-2131 (D. Md.) (dismissing for failure to exhaust administrative remedies but noting affidavits of all correctional staff that they had not: submitted false incident reports, encouraged the submission of falsified medical reports, or instructed anyone to house plaintiff with violent, dangerous gang members.) Those claims will not be addressed again.

[4] Plaintiff has filed numerous cases alleging correctional employees intentionally placed him in cells with dangerous inmates. He has been unsuccessful in these claims. Plaintiff previously filed suit regarding an assault as well as allegations concerning Correctional Officers Wilson, Merling, Lark and Weber assigning him to a cell with Inmate Jenkins, an alleged "professed racist." *See Henson v. Likin*, Civil Action No. RWT-11-2719 (D. Md.). Defendants were granted summary judgment in that case.

Plaintiff previously filed suit against CO II Jesse Lambert, CO II Nicholas Soltas, CO II Steven Miller, CO II Randolph Bennett, CO II Christopher Ortt, CO II Joshua Tart, and CO II Shawn Murray, alleging they assigned him to cells with gang members and advised gang members on the unit that plaintiff was a rapist. He reiterated his claim regarding the assault by Jenkins and sought protective custody and a federal investigation. *See Henson v. Lambert,* Civil Action No. RWT-12-3271. Defendants were granted summary judgment in that case.

A preliminary injunction is an "extraordinary and drastic remedy." *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 292-93 (4th Cir. 2011). "All four requirements must be satisfied." *Cantley v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014) (brackets omitted); *see also Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013) (noting that Fourth Circuit's prior test of balancing the factors is no longer good law in light of *Winter*). Plaintiff's request for injunctive relief shall be denied, as he does not clearly satisfy all four factors.

---

Plaintiff's previously filed suit against Lt. Dale Smith, Case Worker Gainer, Caseworker Sindy, Lt. Miller, Sgt. Iser, Sgt. Guilliam, Sgt. Tyndale, again alleging overall failure to protect and lack of a policy to address risks to plaintiff's health and safety and an overarching conspiracy, was likewise dismissed. *See Henson v. Smith*, Civil Action No. RWT-13-2266 (D. Md.).

Plaintiff also previously sued Warden Frank B. Bishop, Jr., Lt. William E. Miller, Major Robert M. Friend, Lt. Bradley Wilt, Sergeant Walter Iser, CO II Jesse L. Lambert, CO II Christopher Anderson, CO II Nicolas Soltas, and CO II Steven Miller alleging that he was the target of a campaign of murder carried out by correctional staff and specifying an assault on June 20, 2014. *See Henson v. Bishop*, Civil Action No. RDB-14-2131 (D. Md.). Defendants were granted summary judgment in that case.

Plaintiff sued Lt. Sawyer and unnamed members of Housing Unit 2, alleging they subjected him to excessive force and placed him in cells with known criminals in order to cause him harm. Sawyer's motion for summary judgment was granted. *See Henson v. Sawyer, et al.,* RDB-16-0053 (D. Md.).

Other complaints raising bald conspiracy claims were dismissed *sua sponte* by the Court. *See Henson v. Wilt, et al.*, Civil Action No. RDB-14-3724 (D. Md.); *Henson v. Friend et al.,* Civil Action No. RDB-14-3825 (D. Md.), and *Henson v. Miller et al.*, Civil Action No. RDB-15-28 (D. Md.).

Where there has been a final judgment on the merits in a prior suit, an identity of the cause of action in both the earlier and the later suit, and an identity of parties or their privies in the two suits, *res judicata* is established. *See Pension Ben. Guar. Corp. v. Beverley*, 404 F. 3d 243, 248 (4th Cir. 2005). The doctrine of *res judicata* precludes the assertion of a claim after a judgment on the merits in a prior suit by parties on the same cause of action. *See Meekins v. United Transp. Union*, 946 F. 2d 1054, 1057 (4th Cir. 1991). In addition, "'[n]ot only does *res judicata* bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id.*, quoting *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F. 2d 355, 359 (4th Cir. 1989).

At the outset, a fundamental problem with plaintiff's claim for injunctive relief is that it has no relation to the underlying complaint that correctional officers tampered with videos and records. Thus, the requirement of making a clear showing of likely success on the merits actually concerns whether plaintiff is likely to succeed at trial on his claims that correctional officers improperly tampered with his records. Such a showing has not been made to date. Moreover, in the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions only under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). Such circumstances are not present here.

Additionally, plaintiff has failed to demonstrate a likelihood of suffering irreparable harm if the relief is not granted. As to irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Grp.*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). Plaintiff has also failed to demonstrate that the balance of equities is in his favor or that an injunction would be in the public interest. Accordingly, the motion for injunctive relief shall be denied.

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss IS GRANTED. A separate Order follows.

Dated this 25th day of February, 2019.

FOR THE COURT:

_____/s/_____
James K. Bredar
Chief Judge